IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DONALD L. WEIDENBURNER, <br><br> Defendant. | Case No. 4:02-cr-40053-JPG |

MEMORANDUM & ORDER

This matter comes before the Court on the defendant's Second Motion to Dismiss Indictment for Violation of the Speedy Trial Act (Doc. 614) and Memorandum in Support (Doc. 615). The government has filed a memorandum in opposition (Doc. 620) and the defendant, Donald Weidenburner, did not file a reply. In his motion, Weidenburner argues his absence prior to his arrest was the government's fault and that the Speedy Trial Act was violated when he allegedly did not hear from counsel for a sixty-five day period (Doc. 615).

**BACKGROUND**

The operative indictment in this criminal proceeding is the Third Superseding Indictment (Doc. 152) which was filed on June 2, 2003. The first indictment in this case was filed on December 12, 2002 and Weidenburner was apprehended in the Western District of Kentucky in November 2010 after his photo was aired following a television show and a viewer called with his whereabouts. In between the operative indictment and Weidenburner's apprehension, Weidenburner concealed his identity to evade arrest by using at least two aliases and securing identification documents through illegal and fraudulent means. Weidenburner's girlfriend stated

1

that she and Weidenburner decided to disappear because of the forthcoming federal warrants. Weidenburner was then arraigned on December 10, 2010.

Following Weidenburner's arraignment, he was represented by court-appointed attorney Rodney Holmes (Doc. 577). On January 15, 2011, Mr. Holmes filed a motion to continue and the Court granted the motion and tolled the running of the Speedy Trial Act (Doc. 581). Mr. Holmes continued to represent Weidenburner until February 25, 2011 when he withdrew after Weidenburner sent letters to USA Today and Eric Holder alleging Mr. Holmes was not providing adequate counsel (Doc. 582). Weidenburner motioned for new counsel and on March 1, 2011, Robert Elovitz received notice of his appointment as counsel (Doc. 589). Mr. Elovitz filed a motion to continue to familiarize himself with the case on March 9, 2011 (Doc. 589) and it was granted on March 10, 2011 and continued the tolling of the Speedy Trial Act. Mr. Elovitz continued to represent Weidenburner until August, 4, 2011, when Weidenburner stated he no longer wished to be represented by Mr. Elovitz (Docs. 601, 603). Current counsel, Robert Herman, was then appointed by the Court on August 10, 2011 (Doc. 604). The Court continued the tolling of the Speedy Trial Act to give Mr. Herman sufficient time to provide knowledgeable representation (Doc. 606). Mr. Herman then made an oral motion to continue on September 22, 2011 in order to file motions in this case which the Court granted and continued the tolling of the Speedy Trial Act. Final Pretrial in this matter is now set for December 9, 2011 and the trial is set for January 23, 2012.

**ANALYSIS**

I.     Constitutional Right to a Speedy Trial

Weidenburner's motion is unclear as to whether it is alleging a violation of Speedy Trial Act or the right to a speedy trial under the Sixth Amendment. Although Weidenburner states the

claim is under the Speedy Trial Act, he does not cite to the Speedy Trial Act and uses language more commonly used with the Sixth Amendment. In as much as he puts forth claims under the Sixth Amendment, the standard for these claims and its application, were already addressed by this Court in its order on the defendant's first motion to dismiss (Docs. 597, 592). The Court finds no reason to revisit the issue again here and directs the defendant to review its previous order (Doc. 597).

II. Alleged Violation of the Speedy Trial Act

1. Insufficiency

The motion to dismiss and memorandum in support thereof purport to advance a claim under the Speedy Trial Act; however, nowhere does Weidenburner cite to the act itself. In fact, the motion is completely devoid of any legal citation and the memorandum of law in support barely references any case law in regards to the Speedy Trial Act and does not cite the Speedy Trial Act. Such a filing violates Local Rule 7.1 which requires citations to relevant legal authority and this Court has admonished the defendant for the same thing in the past (Doc. 597). Although the Court could properly deny the motion solely on the basis of being legally insufficient, the Court will examine Weidenburner's claim.

2. Standard

The Speedy Trial Act requires that a criminal defendant's trial must begin within seventy days of his indictment or initial appearance, whichever comes last. 18 U.S.C. § 3161(c)(1). In spite of this broad statement, the Act also provides for "excludable time." These "periods of delay shall be excluded in computing the time within which…the trial of any such offense must commence…" 18 U.S.C. § 3161(h). Time that is excluded includes from the time of the filing of a pretrial motion by the defendant to the resolution of such motion (*id.* at 1(d)) and

any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7). A violation of the Speedy Trial Act does not occur until more than seventy days of non-excluded time elapses between the arraignment or initial appearance and the start of the trial. *See United States v. Broadnax*, 536 F.3d 695 (7th Cir. 2008). If a violation has occurred, then the remedy is for the charges to be dismissed with or without prejudice. 18 U.S.C. § 3162.

3. Application

Weidenburner discusses at length that the initial delay in his case, from the time of the indictment to his arrest was the government's fault. This argument, however, is not relevant to the Speedy Trial Act. The Speedy Trial Act does not begin running until the arraignment or initial appearance and thus the cause of delay prior to the arraignment/initial appearance is not relevant.[1] 18 U.S.C. § 3161(c). As previously stated, Weidenburner was arraigned and had his initial appearance on December 10, 2010 (Doc. 572). The speedy trial "clock" began running, therefore, on December 11, 2010. Thirty-five days ran between the time of the arraignment and defense counsel's motion to continue which was filed on January 15, 2011. The time was then excluded from the day the motion was filed until it was resolved, January 21, 2011. The time was then excluded from that day forward until the day after the jury trial date, March 22, 2011 because the continuance was granted (Doc. 581). Prior to March 22, 2011, however, Weidenburner was appointed new counsel, Mr. Elovitz, who filed a motion to continue on March

---

[1] The Court notes these arguments were addressed in its prior order denying the defendant's first motion to dismiss for violation of right to speedy trial (Doc. 597) and therefore no further analysis is necessary under the Sixth amendment right to a speedy trial.

9, 2011, which was granted (Doc. 590) and continued the tolling of the Speedy Trial Act until the day after the new trial date, June 1, 2011.

It is during this period Weidenburner asserts he did not hear from any counsel for more than sixty-five days. Not only was this period already excludable from the Speedy Trial Act because of Weidenburner's continuances, but there is no precedent of the Speedy Trial Act being violated by a defense counsel's failure to contact a client. Mr. Elovitz filed a motion to continue within two weeks of being appointed and filed a motion to dismiss (Doc. 592) a month before the trial date. Weidenburner has put forth no authority or argument which would lead this Court to find a violation of the Speedy Trial Act based upon counsel's conduct.

Before the May 31, 2011 trial date arrived, however, Mr. Elovitz filed a motion to dismiss (Doc. 592) which continued to toll the running of the Speedy Trial Act. 18 U.S.C § 1361 (1)(d). The time was thus excluded until the Court resolved the motion by denying it on June 16, 2011, at which point Mr. Elovitz filed a motion to continue due to a scheduling conflict in another court (Doc. 598). This Court set the new trial for August 15, 2011 and the Speedy Trial Act remained tolled as it was the defendant who requested the continuance. Mr. Elovitz filed a motion to continue on July 25, 2011 because he received extensive discovery in June (Doc. 600) and a motion to withdraw as attorney (Doc. 601) on July 31, 2011. The Court granted both of these motions and set a status conference for September 22, 2011, excluding from the Speedy Trial Act the time until the 22nd (Doc. 603). At the September 22nd status conference, the new defense counsel, Mr. Herman, made an oral motion to continue in order to file motions which the Court granted and thus continued the tolling of the Speedy Trial Act until the day after the trial, January 24, 2012 (Doc. 610). Mr. Herman then filed the present motion (Doc. 614).

After an extensive review of the record, the Court finds only thirty-five (35) days have run under the Speedy Trial Act. There is no violation of the Speedy Trial Act until seventy days have run, 18 U.S.C.§ 3161 *et seq.; Broadnax*, 536 F.3d 695, and therefore, Weidenburner's motion to dismiss for violation of the speedy trial act is denied (Doc. 614).

4. Necessity of a Hearing

Because Weidenburner moved for the dismissal of this case, he bears the burden of demonstrating the necessity of an evidentiary hearing. *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995) (stating "to warrant a hearing, the defendant's submission must demonstrate that there is a disputed material issue of fact"). Weidenburner has not shown there are any disputed facts relevant to a speedy trial violation and therefore, the Court does not need to hold a hearing in order to resolve the motion.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the defendant's Second Motion to Dismiss Indictment for Violation of the Speedy Trial Act (Doc. 614).

**IT IS SO ORDERED.**
**DATED: December 6, 2011**

s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**